IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, D.C. 20301<br><br>OFFICE OF MANAGEMENT AND BUDGET.<br>725 17th Street NW, Suite 9272<br>Washington, D.C. 20503<br><br>*Defendants.* | Case No.  24-cv-1985 |

**COMPLAINT AND PRAYER FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF DEFENSE ("DOD") and Defendant OFFICE OF MANAGEMENT AND BUDGET ("OMB") (collectively "Defendants") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of records responsive to two FOIA requests on the same topic. The first request seeks records "regarding all medications dispensed on any aircraft designated with the call sign 'Air Force One' from January 20, 2021, to February 27, 2024." *See* Plaintiffs'

1

FOIA Request, 2024-02613-F (Feb. 27, 2024) ("First Request" or "Plaintiffs' First FOIA Request") (Ex. 1).  Plaintiffs submitted a second FOIA request on February 29, 2024 seeking records "regarding only prescription medications dispensed on any aircraft designated with the call sign 'Air Force One' on all of the below dates:

        1. June 9–16, 2021
        2. October 29–November 2, 2021
        3. March 23–26, 2021
        4. May 20–24, 2022
        5. June 25–30, 2022
        6. July 13–16, 2022
        7. September 17–19, 2022
        8. November 11–16, 2022
        9. January 8–10, 2023
        10. February 20–22, 2023
        11. March 23–24, 2023
        12. April 11–14, 2023
        13. May 18–21, 2023
        14. July 9–13, 2023
        15. September 8–11, 2023
        16. October 18, 2023."

*See* Plaintiffs' FOIA Request, 2024-02684-F (Feb. 29, 2024) ("Second Request" or "Plaintiffs' Second FOIA Request") (Feb. 29, 2024) (Ex. 2).  Both Requests were submitted to DOD via the Air Force's FOIA Public Access Link.

    2.      The types of medication dispensed on Air Force One are the subject of public interest because questions about the President's mental and physical acuity have been the subject of widespread media and public interest following the release of Special Counsel Robert Hur's Report and the June 27th Presidential Debate.

## **PARTIES**

    3.      Plaintiff, The Heritage Foundation, is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited

government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, https://www.heritage.org/about-heritage/mission (last visited July 9, 2024). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, The Daily Signal.

4. Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for The Daily Signal. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. "The requests and analyses of information are informed by Heritage's deep policy expertise. By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, found at https://www.heritage.org/oversight (last visited July 9, 2024); Oversight Project (@OversightPR), X (last visited July 9, 2024), https://twitter.com/OversightPR. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

5. Defendant DOD is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "provide the military forces needed to deter war and ensure our nation's security." About DOD, found at https://www.defense.gov/About (last visited July 9, 2024). The Department of the Air Force is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "to fly, fight and win - airpower anytime, anywhere." *See* U.S. Air Force, Mission, found at https://www.airforce.com/mission (last visited July 9, 2024). That work includes maintaining Air Force One. Upon information and belief, DOD has in its possession, custody, and control records responsive to Plaintiffs' Request.

6. Defendant OMB is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "assist the President in meeting policy, budget, management, and regulatory objectives and to fulfill the agency's statutory responsibilities." *See* Office of Management and Budget, found at https://www.whitehouse.gov/omb/ (last visited July 9, 2024). Upon information and belief, OMB has jurisdictional control of whether Defendant DOD can release records responsive to Plaintiffs' Request.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue lies in this district pursuant to 28 U.S.C. section 1391(e).

9. Plaintiffs seek declaratory relief under 28 U.S.C. §§ 2201–2202 and Rule 57 of the Federal Rules of Civil Procedure.

## PLAINTIFFS' FOIA REQUESTS

10. On February 27, 2024, Plaintiffs submitted a FOIA request to Air Force District of Washington, Bolling Air Force Base/Andrews Air Force Base requesting "records regarding all medications dispensed on any aircraft designated with the call sign 'Air Force One' from January 20, 2021 to February 27, 2024." Ex. 1 at 1.

11. Plaintiffs submitted a second FOIA request on February 29, 2024, requesting, "records regarding only prescription medications dispensed on any aircraft designated with the call sign 'Air Force One' on all of the below dates:

      1. June 9–16, 2021
      2. October 29–November 2, 2021
      3. March 23–26, 2021
      4. May 20–24, 2022
      5. June 25–30, 2022
      6. July 13–16, 2022

       7. September 17–19, 2022
       8. November 11–16, 2022
       9. January 8–10, 2023
       10. February 20–22, 2023
       11. March 23–24, 2023
       12. April 11–14, 2023
       13. May 18–21, 2023
       14. July 9–13, 2023
       15. September 8–11, 2023
       16. October 18, 2023.

*See* Ex. 2 at 1.

    12.    Both Requests sought a fee waiver. Ex. 1 at 4; Ex. 2 at 4.

    13.    On February 27, 2024, Plaintiffs received emails acknowledging receipt of the First Request and assigning it the tracking number 2024-02613-F. *See* Emails from Air Force FOIA Requester Service Center to Plaintiffs (Feb. 27, 2024) (Ex. 3).

    14.    On February 29, 2024, Plaintiffs received emails acknowledging receipt of the Second Request and assigning it tracking number 2024-02684-F. *See* Emails from Air Force FOIA Requester Service Center to Plaintiffs (Feb. 29, 2024) (Ex. 4).

    15.    On March 22, 2024, Plaintiffs received an email updating Plaintiffs on the status of Plaintiffs' First FOIA Request, 2024-02613-F. *See* Email from Freedom of Information Act (FOIA) Office, Air Force District of Washington (AFDW) to Mike Howell (Mar. 22, 2024) ("Update Letter") (Ex. 5). In this email, the FOIA Officer informed Plaintiffs the request was placed "in the Complex processing track. A complex request can take substantial time and cause significant impact on responding units." Ex. 5 at 1. The FOIA Officer further informed Plaintiffs "[w]e estimate we will provide a response to your request within 30 working days." *Id.* Plaintiffs construe this email to be an invocation of the 10-day extension for "unusual circumstances." *See* 32 C.F.R. § 286.8(c).

5

16. The Update Letter placed Plaintiffs under the "'Educational or Noncommercial Scientific Institution or News Media' fee category for processing." Ex. 5 at 1.

## DEFENDANT'S CONSTRUCTIVE DENIAL

17. On April 4, 2024, Plaintiffs received an email from the Air Force FOIA Officer informing Plaintiffs that both Requests concerned records that "do not fall within our release jurisdiction" and that the Requests had "been referred to the Office of Management and Budget Request Service Center (RSC)." *See* Email from Freedom of Information Act (FOIA) Office, Air Force District of Washington (AFDW) to Mike Howell (Apr. 4, 2024) (Ex. 6) ("Referral Letter" or "Ref. Ltr.").

18. The Referral Letter was not an "adverse determination" under DOD Regulations. *See* 32 CFR § 286.9(e) ("Adverse determinations, or denials of requests, include decisions that the requested record is exempt, in whole or in part; the request does not reasonably describe the records sought; the information requested is not a record subject to the FOIA; the requested record does not exist, cannot be located, or has been destroyed; or the requested record is not readily reproducible in the form or format sought by the requester. Adverse determinations also include denials involving fees or fee waiver matters or denials of requests for expedited processing.").

19. The Referral Letter was not a determination under FOIA. *See, e.g.*, *Machado Amadis v. U.S. Dept' of State*, 971 F.3d 364, 372–73 (D.C. Cir. 2020); *Khine v. DHS*, 943 F.3d 959, 966–67 (D.C. Cir. 2019).

20. According to the Air Force's FOIA Public Access Link Tracking System, the Air Force received Plaintiffs' First Request (No. 2024-02613-F) on February 27, 2024 and received Plaintiffs' Second Request (No. 2024-02684-F) on February 29, 2024. Both Requests have been

6

"closed" in the tracking system. *See* Air Force Public Access Link for Request Nos. 2024-02613-F and 2024-02684-F (Ex. 7).

21. Having received no communication from OMB, Plaintiffs wrote to OMB requesting an update on the processing of the FOIA Request on July 8, 2024. *See* Email from Mike Howell to OMB FOIA Office (July 8, 2024) ("Plaintiffs' Email to OMB") (Ex. 8).

22. Plaintiffs have received no other communications about the Requests since April 4, 2024.

23. Thirty business days from March 22, 2024, is April 21, 2024.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

24. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

25. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

26. Plaintiffs properly requested records within the Defendants' possession, custody, and control.

27. Defendants are subject to FOIA and therefore must make reasonable efforts to search for requested records.

28. Defendants have failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

29. Defendants' failure to conduct searches for responsive records violates FOIA, DOD, and OMB regulations.

30. Plaintiffs have a statutory right to the information they seek.

31. Defendants are in violation of FOIA.

32. Plaintiffs are being irreparably harmed by reason of Defendants' violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

33. Plaintiffs have no adequate remedy at law.

34. Plaintiffs have constructively exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

35. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

36. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

37. Plaintiffs properly requested records within the possession, custody, or control of Defendants.

38. Defendants are subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

39. Defendants are wrongfully withholding non-exempt records requested by Plaintiffs by failing to produce any records responsive to Plaintiffs' FOIA Request.

40. Defendants are wrongfully withholding non-exempt-agency records requested by

Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

41. Defendants' failure to provide all non-exempt responsive records violates FOIA, DOD, and OMB regulations.

42. Plaintiffs have a statutory right to the information they seek.

43. Defendants are in violation of FOIA.

44. Plaintiffs are being irreparably harmed by reason of Defendants' violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

45. Plaintiffs have no adequate remedy at law.

46. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

47. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

48. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

49. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

50. Defendants have constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii), 5 C.F.R. § 1303.90, an8 C.

51. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

52. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.   5 U.S.C. § 552(a)(4)(a)(ii).

53. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."   5 U.S.C. § 552(a)(4)(A)(iii).

54. Defendants have "failed to comply with a[]time limit under paragraph (6)" as to the Request.   5 U.S.C. § 552(a)(4)(A)(viii)(I).

55. Plaintiffs have a statutory right to a fee waiver.

56. Defendants are in violation of FOIA by denying a fee waiver.

57. Plaintiffs are being irreparably harmed by reason of Defendants' violation of FOIA.   Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.   Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

58. Plaintiffs have no adequate remedy at law.

59. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

60. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

61. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

62. Plaintiffs properly requested records within the possession, custody, or control of Defendants.

63. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Mike Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

64. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

65. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

66. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

67. Defendants are currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed

without being charged any fees.

68. Plaintiffs are being irreparably harmed by reason of Defendants' violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

69. Plaintiffs have no adequate remedy at law. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray this Court:

A. Declare unlawful Defendants' refusal to disclose requested records;

B. Declare that Defendants' failure to make determinations to Plaintiffs' FOIA Request within the statutory time frame violates FOIA;

C. Order Defendants to conduct a search for any and all records responsive to Plaintiffs' FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA Request;

D. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request as well as a Vaughn index of any responsive records withheld under claim of exemption;

E. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

F. Award Plaintiffs the costs of this action and reasonable attorney's fees; and

G. Grant such other and further relief as this Court deems equitable and just.

Dated: July 9, 2024          Respectfully submitted,

/s/ Eric Neal Cornett
ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone:  (606) 275-0978
Email:  neal@cornettlegal.com

SAMUEL EVERETT DEWEY
D.C. Bar No. 999979
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone: (202) 608-6060
Email:  Kyle.Brosnan@heritage.org

MAX TAYLOR MATHEU
(No. 90019809)
Telephone:  (727) 249-5254
Email:  maxmatheu@outlook.com

*Counsel for Plaintiffs*